# Mooney v. Kinder, Appellant.

*Appeals—Assignments of error—Charge — Points — Failure to*
*have charge and points made part of record.*

1. Assignments of error specifying error in the charge and answers to points, cannot be considered, where, no request was made in the court below to have the charge and points made part of the record.

*Appeals—Assignments of error—Judgment n. o. v.—Act of April*
*22, 1905, P. L. 286.*

2. An assignment of error based upon the refusal to enter judgment for defendant on the whole record, will be considered by the appellate court, although the appellant made no request in the court below to have the charge and points made part of the record, if it appears that the appellant presented a request for binding instructions as provided by the Act of April 22, 1905, P. L. 286.

*Negligence—Automobiles — Pedestrian at crossing — Contribu-*
*tory negligence—Case for jury—Evidence.*

3. Vehicles have the right of way on the portion of the highway set aside for them, but, at crossings, all drivers, particularly of motor vehicles, must be highly vigilant and maintain such control that, on the shortest possible notice, they can stop their car so as to prevent danger to pedestrians. If an accident cannot be avoided without stopping, a driver must stop his car.

4. Where a pedestrian about to cross a street looks and sees no vehicle approaching, and after completing the crossing, and when about to step from the cartway on to the sidewalk, is struck by an automobile, she cannot be charged with contributory negligence as a matter of law, in failing to keep her attention fixed on the street which she was crossing, when she had to be observant not only of the traffic on that street, but also such as was turning into it from other directions.

5. In such case, a verdict against defendant will be sustained, where the evidence tends to show that he gave no warning of his approach, and that, if he had had his car under proper control, the accident would not have happened.


Argued October 14, 1921. Appeal, No. 136, Oct. T., 1921, by defendant, from judgment of C. P. Allegheny Co., July T., 1919, No. 329, on verdict for plaintiff, in

case of Clara H. Mooney v. Joseph Kinder.   Before
FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.
Affirmed.

Trespass for personal injuries.   Before BROWN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,125.   De-
fendant appealed.

*Errors assigned* were (2) refusal of defendant's mo-
tion for judgment n. o. v., quoting record, and (1, 3, 4)
answers to points, quoting points and answers.

*John H. Lauer,* with him *Morris, Walker & Boyle,* for
appellant.

*James R. Miller,* of *Patterson, Crawford, Miller &
Arensberg,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1922:

In this case there was no request made by counsel
at the conclusion of the charge to have it and the points
made part of the record, and, for that reason, the as-
signments specifying error in the charge and in the
answers to points cannot be considered.   This however
makes no difference in the disposition of the case, for the
reason that appellant's real ground of complaint is that
the court below refused to enter judgment for the de-
fendant on the whole record; and it sufficiently appears
that he fulfilled all requirements of practice, entitling
him to raise the question of the correctness of this rul-
ing: see opinion by Mr. Justice SIMPSON in Keck v.
Pittsburgh, H., B. & N. C. Ry. Co., 271 Pa. 479.

Plaintiff, accompanied by two other girls, was cross-
ing Graeme Street at the point where it enters Fifth
Avenue, in the City of Pittsburgh.   Defendant was driv-
ing a truck, belonging to him, on Graeme Street toward
Fifth Avenue.   In crossing the street, plaintiff walked

on the crossing provided for pedestrians. She testified she looked up Graeme Street, just before stepping into it from the sidewalk, and did not see the truck. Graeme Street is narrow, being but nineteen feet between curbs, and it dead-ends in Fifth Avenue. The junction of these two streets is a very densely congested traffic point, and a person crossing Graeme Street is within the zone of traffic moving from Fifth Avenue into Graeme Street from three directions, as to all of which observation must be maintained. When plaintiff was completing the crossing, and in the act of stepping off the roadway to the sidewalk, she was struck and injured by defendant's truck. One of the witnesses, who was with her at the time of the accident, saw the truck on Graeme Street, as she, the witness, was in the act of first stepping into the roadway; it was then about one hundred feet away, and did not appear to her to be coming at a fast rate of speed. The other of the trio, did not observe the truck before the accident. There can be no question but the truck was in Graeme Street, within plaintiff's view while she was crossing it, and, if she had been watchful of what was happening on that thoroughfare, she could have seen it and avoided being struck. Defendant contends that plaintiff, by not looking along that street, from the time she stepped from the sidewalk into its roadway, until she was in the act of stepping from the roadway onto the sidewalk on the other side of the street, convicts herself of contributory negligence as a matter of law, overlooking, however, that in making the crossing, she had to be observant, not only of traffic on Graeme Street, but, in addition, of that coming into Graeme Street from three other directions. Just where the truck came into Graeme Street does not appear. It may have turned into that street from the nearest cross street, which was only about one hundred feet distant from Fifth Avenue, which would perhaps account for plaintiff's not seeing it when she looked. Under the traffic conditions with which she was confronted, it cannot

be said as a matter of law that plaintiff was bound to keep her attention fixed on Graeme Street; whether she was contributorily negligent in not doing so was for the jury.

What of defendant's negligence? He contends none was proven. He did not take the witness stand to explain how the accident happened, although present in court, and called no witness to vouchsafe an explanation of it. Plaintiff's proofs were that defendant blew no horn and gave no other warning of his approach to the crossing. He was bound to know that he was in a locality where traffic was dense, and, in approaching a crossing such as that in question, continuously used by pedestrians, he should have given warning of his approach and had his car under such control that it could be stopped promptly. There is a higher degree of care due by the drivers of motor vehicles at all street crossings than at other points in the highway, but at such crossings as this, because of the perils to pedestrians using them under modern traffic conditions, the duty of care which is cast upon the driver of such a vehicle as that which defendant was driving, is of the highest degree. In setting up the defense of contributory negligence, appellant urges that, if plaintiff had looked in the direction from which he was coming, she would have seen him, and that her companion did see him; but, as before stated, plaintiff's observation could not be confined alone to the street on which defendant was approaching,—she was bound to take account of traffic coming three other ways. Defendant had no such burden of observation put upon him, and, with a less duty in this respect than plaintiff's, he admits (by his argument that she could have seen him if she had looked) that he could have seen her had he been observant and careful. Instead of safeguarding her as he approached the crossing, he ran her down. Obviously, if he had been proceeding with due care, the accident would not have happened, because, with his car under such con-

trol as it should have been, he could have stopped almost instantly.

To the end that drivers of motor vehicles may have brought to their attention the rule of law applicable in cases where they approach street crossings, we reiterate what was recently said in Silberstein v. Showell, Fryer & Co., 267 Pa. 298, 305, "Vehicles have the right of way on the portion of the highway set aside for them, but at crossings all drivers, particularly of motor vehicles, must be highly vigilant and maintain such control that, on the shortest possible notice, they can stop their car so as to prevent danger to pedestrians......He [the driver] is under the definite duty of having it [the motor vehicle] under control; if an accident cannot be avoided without stopping, he must stop his car......The automobile must come to the crossing under control."

Under the facts as shown, and the law applicable to them, the court could not have entered judgment for defendant.

The assignments of error are overruled and the judgment is affirmed.