# Gilles *v.* Leas, Appellant.

*Negligence —Automobiles —Presumption of negligence —Street crossings — Pedestrians — Duty of drivers — Contributory negligence.*

1. A pedestrian at a street crossing has a superior right of way over an approaching vehicle, when, after he has started across, the traffic signal is turned against him.

2. The mere fact that a person is struck by an automobile does not raise a presumption of negligence of the driver.

3. But where a pedestrian is crossing a highway at intersecting streets in the customary manner, and there is no obstruction of the driver's view of the crossing, or of the pedestrian's, it becomes the duty of the driver to have his car under such control that he may stop it at the slightest sign of danger to the pedestrian.

4. The signal given by a policeman for traffic to move, does not give automobile drivers a clear right of way against intersecting traffic, and empower them to start their machines recklessly and rapidly, regardless of persons who have already committed themselves to the crossing.

5. A pedestrian has the undoubted right to leave his place on the sidewalk of a crossing when nothing appears before him, and the traffic signal is not turned against him, and if he does so he cannot thereby be charged with contributory negligence.

Argued December 4, 1924. Appeal, No. 141, Jan. T., 1925, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1922, No. 7524, on verdict for plaintiff, in case of Edward J. Gilles v. LeRoy P. Leas. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before MONAGHAN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $7,500. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment n. o. v., quoting record.

*Wm. W. Smithers,* of *Smithers, Lank & Hoban,* for appellant.—There was not sufficient evidence to warrant a finding of negligence on part of defendant: Zenzil v. R. R., 257 Pa. 473; Warruna v. Dick, 261 Pa. 602; Phila. & Reading R. R. v. Hummell, 44 Pa. 375; Flanigan v. McLean, 267 Pa. 553; King v. Brillhart, 271 Pa. 301; Erbe v. Traction Co., 256 Pa. 567; Express Co. v. Wile, 64 Pa. 201; First Nat. Bank v. Wirebach, 166 Pa. 37; Schley v. R. R., 227 Pa. 494; Wagner v. Traction Co., 212 Pa. 132.

Plaintiff did not show a case free from contributory negligence: Greer v. Tyson, 185 Pa. 356; Sauers v. Traction Co., 193 Pa. 602; Geiger v. Garrett, 270 Pa. 192; Walker v. Trans. Co., 274 Pa. 121.

*Henry Goodfriend,* of *Goodfriend, Diamond & Daly,* for appellee.—There was sufficient evidence to warrant a finding of negligence on part of defendant: Eckert v. Shipbuilding Corp., 280 Pa. 340; Smith v. Car Co., 262 Pa. 550; Dougherty v. Davis, 51 Pa. Superior Ct. 229; Kerk v. Peters, 261 Pa. 279; Streitfeld v. Shoemaker, 185 Pa. 265; Banks v. Shoemaker, 260 Pa. 280; Lorah v. Rinehart, 243 Pa. 231; Miller v. Tiedmann, 249 Pa. 234; Kennedy v. Traction Co., 210 Pa. 215; Hagos v. T. & L. Co., 66 Pa. Superior Ct. 66; Arnold v. McKelvey, 253 Pa. 324; Anderson v. Wood, 264 Pa. 98.

The record fails to show evidence from which it can be found that plaintiff was guilty of contributory negligence as a matter of law: Lamont v. Express Co., 264 Pa. 17.

OPINION BY MR. JUSTICE KEPHART, January 5, 1925:

Plaintiff was injured by defendant's automobile at a public crossing. He was on the northwest corner of Market and Twenty-third streets, Philadelphia, and intended to cross Market Street to the southwest corner. Before entering the cartway he observed the semaphore signal at "stop" for traffic, and on looking east of Twenty-third Street on Market Street he saw automobiles standing awaiting the traffic signal to proceed. His way was clear when he started over Market Street. About five feet from the north rail of the westbound trolley track, which is near the center of Market, a wide street, he noticed the traffic signal turned to permit vehicles to go east and west on Market Street; at the south rail of the same track he was struck by the defendant's machine, and seriously hurt. Plaintiff recovered in his action for damages.

Generally stated, it is the ordinary case of a signal, given by a policeman, at intersecting streets, for traffic to move while pedestrians are in the highway in the act of crossing the street. Some automobile drivers imagine this signal gives them a clear right of way against intersecting traffic; they start their machines recklessly and rapidly regardless of persons already in the driveway, terrifying if not actually striking them. It is a common occurrence for people to narrowly escape injury because of such carelessness. This misuse of the highway is just as culpable as if the drivers were using their cars at night without lights. We have held over and over again that at street crossings drivers must be exceedingly vigilant to have their cars under such control that they may stop at the slightest sign of danger. If they do not, and an accident results, they are liable in damages for its consequences. In the crowded condition of our public thoroughfares, traffic officers cannot always clear the intersecting ways before giving a signal for vehicular traffic to move on the street that is being crossed by pedestrians. The responsibility rests with

the automobile drivers to so handle their cars as not to injure those already in the street.

Of course the mere fact that a person is struck by an automobile does not raise a presumption of negligence of the driver (Flanigan v. McLean, 267 Pa. 553, 556; King v. Brillhart, 271 Pa. 301, 304), but where, as here, a pedestrian is crossing a highway at intersecting streets in the customary manner (Eckert v. Merchants Ship Bldg. Corp., 280 Pa. 340, 344; Banks v. Shoemaker & Co., 260 Pa. 280), and there is no obstruction to the driver's view of the crossing, or of the pedestrian's, it becomes the duty of the driver to be vigilant and have his car under such control that he can stop it if objects appear in his path: Anderson v. Wood, 264 Pa. 98, 99; Virgilio v. Walker & Brehm, 254 Pa. 241, 245; Silberstein v. Showell, Fryer & Co. (No. 1), 267 Pa. 298, 305. In the last-named case we said: "Of course, a driver need not stop if he can, with reasonable certainty, pass in front or in the rear of a pedestrian; by thus diverting the movement of his car, at a public crossing, he is under the definite duty of having it under control; if an accident cannot be avoided without stopping, he must stop his car. A driver is not, per se, negligent when he deflects his machine to pass around a pedestrian in the act of crossing the street at a public crossing, and he cannot, in the exercise of due care, be charged with neglect in not anticipating the unexpected thing to happen; it naturally follows that he must anticipate the expected thing to happen." If there is any superior right to use the highway under circumstances such as described in this case, it is with the pedestrian who is in the cartway. It is quite clear the traffic should not run him down when he is in full view. And when it does, even at a moderate or slow rate of speed, the driver lacks the control of his car necessary under the circumstances and is chargeable with negligence: King v. Brillhart, supra.

There is nothing in the evidence in this case that would warrant the court in holding plaintiff guilty of

contributory negligence merely because he tried to cross the street when his pathway was clear. He had an undoubted right to leave his place on the sidewalk when nothing appeared before him, and the traffic signal was not turned against him. His position became perilous only through the unlawful act of defendant. Although Twenty-third Street is a little wider on one side of Market Street than on the other, the use made of it was such as to bring the place of the accident within what is usually termed a public crossing.

The judgment of the court below is affirmed.