# Johnson *v.* French, Appellant.

*Negligence — Automobiles — Pedestrians — Crossings—Case for jury.*

1. At crossings all motor drivers must be highly vigilant and maintain such control of their cars that, on the shortest possible notice, they can stop them so as to prevent danger to pedestrians.

2. Pedestrians have the right to cross the streets at crossings, and in doing so to rely on the drivers of motor vehicles not to run them down.

3. Where the proofs show that the driver had ample opportunity to observe a pedestrian at a crossing, and could have handled his car so as to avoid striking her, he is liable for the injuries, if he strikes her.

Argued November 30, 1927. Before Moschzisker, C. J., Frazer, Walling, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 280, Jan. T., 1927, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1926, No. 7262, on verdict for plaintiff, in case of Grace Johnson v. W. E. French. Affirmed.

Trespass for personal injuries. Before Audenried, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting record.

*G. Levering Arnhold,* for appellant.—A person has no right to test a known danger: Schuchalter v. Traction Co., 288 Pa. 189; Patton v. George, 284 Pa. 342; Wolf v. Transit Co., 252 Pa. 448.

*William T. Connor,* with him *John R. K. Scott,* for appellee.—The case was for the jury: Anderson v. Wood, 264 Pa. 98; Eckert v. Shipbuilding Corp., 280 Pa. 340; Gilles v. Leas, 282 Pa. 318.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1928:

In this action, wherein plaintiff recovered damages from defendant for injuries received by being struck by his automobile driven by him, her proofs showed that about 10 o'clock at night she was on the north side of Market Street, one of the principal highways in Philadelphia; it runs east and west and is well lighted. At the regular crossing of 43d Street, she stepped from the curb intending to proceed to the south side of Market Street. As she did so, she observed defendant's automobile approaching along Market Street from the east about 300 feet from her. She continued to observe it as she advanced. It was travelling 30 to 35 miles an hour and increased its speed as it approached her. An elevated railway is constructed in Market Street and the distance is 16 feet from the north curb to the supporting concrete pillars. When she reached a point on the crossing about two feet from the pillars, she was struck by the automobile and injured. Defendant's testimony was to the effect that instead of stepping into the street at the crossing, plaintiff suddenly appeared from between two parked automobiles standing on Market Street west of the crossing and collided with the right fender of his car, her movements being so quick and unexpected that he had no opportunity to avoid contact with her.

Appellant contends that plaintiff was guilty of contributory negligence and that she should not have been permitted to recover on her own showing, because she should not have continued walking across the street, admitting, as she does, that she saw defendant's automobile coming toward her and that it increased its speed. If this rule were adopted, it would be tantamount to saying that pedestrians cross the streets at appointed cross-

ings at their peril if automobiles are in view.  We have determined that at crossings all motor drivers must be highly vigilant and maintain such control that, on the shortest possible notice, they can stop their cars so as to prevent danger to pedestrians who have the right to cross the streets at crossings and to rely on the drivers of automobiles not to run them down: Anderson v. Wood, 264 Pa. 98; Mooney v. Kinder, 271 Pa. 485; Eckert v. Merchants Shipbuilding Corp., 280 Pa. 340; Gilles v. Leas, 282 Pa. 318.  Under plaintiff's proofs defendant had ample opportunity to observe her (another driver behind him in the street did) and to so handle his automobile as to avoid striking her.  Care at street crossings is the highest duty of motorists and under plaintiff's proofs defendant did not exercise it.  The case is not one to be disposed of as a matter of law.

The judgment is affirmed.