McGurk *v.* Belmont et al., Appellants.

Argued April 23, 1929. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*George Gowen Parry,* with him *Harold Cooper Roberts,* for appellants.—The fact that there were skid marks on the bed of the street is insufficient to sustain an allegation of excessive speed: Wiser v. Baking Co., 289 Pa. 565; Eastburn v. Express Co., 225 Pa. 33; Post v. Richardson, 273 Pa. 56; Stahl v. Sollenberger, 246 Pa. 525.

The presumption that decedent was exercising due care is rebutted by plaintiff's evidence that the truck was in plain view of decedent for a considerable distance: Watson v. Lit Bros., 288 Pa. 175; Weaver v. Pickering, 279 Pa. 214; Harris v. Ice Co., 153 Pa. 278; Christy v. R. R., 283 Pa. 538; Donahue v. Transit Co., 293 Pa. 253.

*Hugh Roberts,* for appellee.—If there is any superior right to the use of the highway, it is with the pedestrian who is in the cartway: Gilles v. Leas, 282 Pa. 318; Parznik v. Abattoir Co., 284 Pa. 393; Eckert v. Shipbuilding Co., 280 Pa. 340.

Skidding ten feet with locked wheels is evidence of negligence: Johnson v. French, 291 Pa. 437; Parznik v. Abattoir Co., 284 Pa. 393.

Decedent was not guilty of contributory negligence.

All the inferences to be drawn from all the testimony were inferences to be drawn by the jury from the proven facts in the case: Ryan v. Granite Co., 266 Pa. 105; Donovan v. Transit Co., 273 Pa. 152; Wolf v. Sweeney, 270 Pa. 97; Cramer v. Aluminum Co., 239 Pa. 120; Hastings v. R. R., 272 Pa. 212.

OPINION BY MR. JUSTICE FRAZER, May 13, 1929:

Plaintiff's decedent was struck and killed by defendant's automobile truck near the southeast corner of Ridge Avenue and Spring Garden Street in the City of Philadelphia. The accident occurred in daytime. There were no witnesses to the actual collision, although a traffic policeman stationed on the opposite corner saw both decedent and the truck a moment before and after the collision occurred. Defendant offered no evidence, but moved for a nonsuit at the close of plaintiff's case, which motion was refused and the case submitted to the jury; a verdict was rendered for plaintiff for $5,358.78. A motion for judgment for defendant non obstant veredicto was subsequently refused and judgment entered on the verdict for plaintiff, from which order defendant appealed.

The location of the accident is an extremely dangerous crossing, requiring the utmost care on the part of automobile drivers. Two streets cross each other at acute angles and a third street intersects them at the junction of the other two. Ridge Avenue, 60 feet wide, running diagonally northwest and southeast, intersects the south side of Spring Garden Street, 120 feet wide, east of Twelfth Street, 50 feet wide, there being fifty-one feet between the west side of Ridge Avenue and the east side of Twelfth Street. The traffic on Spring Garden Street is required to cross four footway crossings in the space of approximately 160 feet.

According to the testimony of the traffic officer, stationed at the time at the northwestern intersection of these three streets, the traffic had been moving on Spring

Garden Street east and west. Defendant's driver approached toward the east on Spring Garden Street quite a distance in the rear of other traffic preceding him. The officer waited for the truck driver to pass and at once changed the signal for north and south traffic to proceed. Immediately before changing the signal, the officer saw deceased on the east sidewalk of Ridge Avenue, approaching the south side of Spring Garden Street. He looked north on Twelfth Street, saw traffic start, and at the same moment heard the noise of tires sliding over the roadway, due to the effort of defendant's driver to bring his car to a stop.

The distance between deceased and defendant's automobile, before the latter started to cross the street was about 200 feet, and, to reach the east side of Ridge Avenue where deceased was walking, it was necessary for defendant's car to cross Twelfth Street, pass over an intervening space of 50 feet before reaching the western side of Ridge Avenue and then cross Ridge Avenue diagonally which had a total width, including sidewalks, of 60 feet. Immediately following the collision, deceased was found lying under defendant's automobile near the center of the car, which had stopped on the south side of Spring Garden Street, seven or eight feet from the south curb, with the rear of the car 10 feet east of the foot walk. There were skid marks on the roadway "ten feet or so" long. Since no one saw the actual collision, the record contains no evidence of the precise position of decedent when struck by the machine, but from the speed of the car which was from twenty to twenty-five miles an hour and the distance it slid with the brakes set, the inference is that deceased must have been in the act of crossing Spring Garden Street on the foot walk which is a continuation of the east sidewalk of Ridge Avenue.

On the above stated facts, defendant argues that the presumption deceased exercised due care for his own safety is rebutted, and also that no evidence of negli-

gence on the part of defendant's driver is shown, because he was obeying the invitation of the traffic officer to proceed across the intervening streets.

So far as contributory negligence is concerned the evidence supports the inference that the traffic lights were set for deceased to proceed, especially in view of the testimony of the officer that he had changed the lights and the Twelfth Street traffic had already begun to move when he heard the noise of defendant's skidding truck. While deceased was bound to use due care for his own safety, his rights were equal, if not superior, to the rights of defendant's driver. In Gilles v. Leas, 282 Pa. 318, 321, we said: "If there is any superior right to the use of the highway......it is with the pedestrian who is in the cartway. It is quite clear the traffic should not run him down when he is in full view." Under all the circumstances, deceased was justified in assuming that defendant's driver would not deliberately run him down: Johnson v. French, 291 Pa. 437, and other cases there cited. To quote from the opinion of the court below. "Deceased was on the sidewalk 'a trifle' from the crossing when the truck was considerably more than 172 feet off, most likely 200 feet, or even more. Surely he had a right to proceed and surely he must have taken more than a step from the curb while the truck was traveling this distance. Would he be imprudent in supposing that a truck having two dangerous street crossings to make would not rush across 200 feet or more while a pedestrian was in full view, seven or eight feet at least out into the cartway on the crossing? Or even ten feet into the cartway, because, if he was hit by the 'center of the car,' and the car was 'eight feet from the curb,' he was fully ten feet out in the cartway. Or rather, would he be so obviously guilty of contributory negligence that the presumption which exists in view of his death of his freedom from contributory negligence, must be declared as a matter of law?" It was under all the evidence a question for the jury.

The negligence of defendant's driver was also for the jury. It is the duty of the driver of an automobile to be highly vigilant in approaching a crossing and to maintain such control of his car that it may be stopped on the shortest possible notice: Johnson v. French, supra. There was nothing to obstruct the view of the crossing, other traffic on Spring Garden Street being a considerable distance ahead of defendant's truck, Twelfth Street traffic being at a stand still. The driver accordingly had the entire distance of 200 feet to observe pedestrians crossing on the east side of Ridge Avenue. He was not called to testify and we are without explanation of his failure to see what must have been clearly obvious. The fact that he was permitted by the traffic officer to proceed, did not justify him in driving recklessly over the regular crossing, regardless of the rights of pedestrians lawfully on the street, and the distance which his car skidded with the brakes set warrants the conclusion that he did not have his car under such control as the circumstances and the law required.

The judgment is affirmed.