Catarious *v.* Benjamin, Appellant.

Argued October 1, 1930.

Be-
fore TREXLER, P. J., LINN, GAWTHROP, CUNNINGHAM,
BALDRIGE and WHITMORE, JJ.

*Samuel A. Goldberg,* and with him *Wolf, Block, Schorr and Solis-Cohen,* for appellant.

*Henry A. Frye,* and with him *Fletcher W. Stites,* for appellee.

186

Opinion by Whitmore, J., November 20, 1930:

The defendant assigns for error the refusal by the court below of his point for binding instructions and the dismissal of his motion for judgment n. o. v.

The testimony shows that at about 7:30 o'clock in the evening of March 29, 1928 the plaintiff and his wife were attempting to cross Lehigh Avenue at the western intersection thereof with Fifth Street in the City of Philadelphia. That when they reached Lehigh Avenue and at the time they started to cross the same the traffic light was green and that automobiles were standing on the north side of Lehigh Avenue east of Fifth Street while other cars were moving north on Fifth Street; when they reached the first rail of the westbound track on Lehigh Avenue the plaintiff's wife was walking to the right of the plaintiff and about a step ahead; he was carrying a suit case, which was knocked from his hands, and when he recovered he saw his wife lying about 25 yards to the west between the trolley tracks. The traffic officer who was on duty at the southwest corner of Lehigh Avenue and Fifth Street testified that he heard the crash and that the deceased's body was lying in the westbound car track about thirty feet west of Fifth Street. The defendant, who was going west on Lehigh Avenue in an automobile, testified that when he reached the east boundary line of Fifth Street the traffic light was against him, that he stopped and did not proceed until the traffic light was green or clear; that he did not see the plaintiff's wife until she got within range of his left hand headlight and did not see the deceased cross in front of his headlight; that he stopped instantly after he saw the object, although he stated on cross-examination in answer to a question as to how far in front of his car the black object was when he first saw it,—that it wouldn't be more than two or three

feet. It will be observed that he testified that the object was two or three feet in front of his car when he first observed it and that he immediately stopped, and his car did not move more than a foot or two.

The Supreme Court in Gilles v. Leas, 282 Pa. 318, held that a pedestrian at a street crossing has a superior right of way over vehicles, when, after he has started across, the traffic signal is turned against him; and where a pedestrian is crossing a highway, at intersecting streets in the customary manner, and there is no obstruction of the driver's view of the crossing, or of the pedestrian, it becomes the duty of the driver to have his car under such control that he may stop it at the slightest sign of danger to the pedestrian; and further, that a pedestrian has the undoubted right to leave his place on the sidewalk of a crossing when nothing appears before him, and the traffic signal is not turned against him, and if he does so he can not thereby be charged with contributory negligence as a matter of law. In the case cited the court held:

"We have held over and over again that at street crossings drivers must be exceedingly vigilant to have their cars under such control that they may stop at the slightest sign of danger. If they do not, and an accident results, they are liable in damages for its consequences."

The plaintiff in this case having testified that when he and his wife started across Lehigh Avenue the traffic light was green, and the defendant having testified that when he started across Fifth Street the traffic light was green, there is a situation presented under the testimony that was properly left for the jury to decide. And further, the jury was properly permited to pass upon the testimony as a whole.

The judgment is affirmed.