Kellner v. Parker, Jr. et ux.

Argued October 5, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Herbert L. Maris,* for appellant.

*Theodore Cuyler Patterson,* and with him *Joseph M. Smith,* for appellee.

Opinion by Trexler, P. J., December 16, 1932:

This is a suit in trespass for personal injuries arising from the alleged negligence of the defendant in driving an automobile. Plaintiff was walking along Ruby Street, Philadelphia, going northwardly and

came to Springfield Avenue at seven o'clock in the evening of October 8, 1931. The day had been stormy and the street was wet. At the intersection of Springfield Avenue, Ruby Street does not continue directly, but there is an offset of 53 feet to the west. The plaintiff having arrived at Springfield Avenue continued as she said, on the "diagonal crossing there," and when she was halfway across, she saw defendant's car approaching 200 feet away, and evidently concluding that she could safely cross, she continued on her journey and was struck by defendant's car. The plaintiff was picked up after she was struck at a place five feet from the northern curb line of Springfield Avenue. The trial judge found in her favor.

Appellant's counsel argues that his client is free from negligence. He assumes the truth of defendant's narrative that she was going only 12 miles an hour, and that after the accident the car stopped within its own length, and draws the conclusion that the plaintiff, after one glance to the east, immediately walked into the side of a slowly moving automobile. We must, however, take plaintiff's statement as verity, she having obtained a finding in her favor. When the plaintiff got to the middle of Springfield Avenue she had to go about 22 feet to reach the northern curb line. She had almost completed the crossing of Springfield Avenue when she was struck. Defendant's car in the meanwhile must have gone 200 feet. The trial judge may well have concluded that defendant was travelling at a reckless speed in approaching a street crossing. She testified she stopped after she struck the plaintiff within a car's length, two witnesses testified the car stopped in the middle of Ruby Street, which is a forty feet wide street, another witness, who was among the first at the place where the accident occurred being attracted by Mrs. Parker's screams, testified he saw a car standing 15 feet beyond Ruby Street or as a

reference to the draft shows about 60 feet from the place where the plaintiff was hurt.

The defendant's counsel states that this accident did not occur at a crossing. Whether there was a definite crossing was not precisely shown, but there was a street intersection. Witnesses testified that "Ruby Street has a diagonal crossing there." It was "the shortest distance from the west of Ruby on the south to the east side of North Ruby." Later on there was reference to a diagonal crossing, but the subject was not pursued by either side. The defendant stated in her testimony: "I was approaching the crossing of Ruby Street and I was looking to my right to see if there was any traffic coming out of Ruby Street." Whether the crossing was diagonal or straight across made no difference, as in either case the defendant was obliged to slow up when approaching it. Care at street crossings is the highest duty of drivers: Byrne v. Schultz, 306 Pa. 428, 160 A. 125, and cases there cited. As to the alleged contributory negligence of the plaintiff, that also was for the judge, for with the defendant car 200 feet away and having already reached the middle of the street the trial judge might well conclude that plaintiff was warranted in proceeding relying on the driver of the approaching automobile, 200 feet distant not to run her down: Johnson v. French, 291 Pa. 437, 140 A. 133; McGurk v. Belmont, 297 Pa. 192, 146 A. 539.

The judgment is affirmed.