Clarke et ux. *v.* Hughes, Appellant.

Argued March 6, 1933.

Before TREXLER, P. J., KELLER, CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Raymond Bialkowski*, and with him *Nicholas Dano,
Jr.*, for appellant.

*Stanley F. Coar*, and with him *E. A. DeLaney* and
*David J. Reedy*, for appellee.

OPINION BY BALDRIGE, J., April 17, 1933:

This action was brought by Daniel Clarke and
Agnes, his wife, who was 55 years of age, to recover
for injuries sustained by the latter in an automobile
accident, on the 6th of October, 1929, at eight o'clock
in the evening, in the Borough of Jermyn.

The sole question involved is whether or not the in-
jured woman was guilty of contributory negligence.

Mrs. Clarke had been visiting her sister, who lived
on the south side of Cemetery Street, three houses
from Washington Street. Intending to return to her
home in Carbondale, which is north of Jermyn, she,
accompanied by her sister, walked to the westerly curb
line of Washington Street, where Cemetery Street

terminates. They stopped, looked north and south, and saw, standing at Maple Street, one block south, a north-bound street car, which Mrs. Clarke intended to board. They also observed an automobile approaching very slowly about 100 feet north of Cemetery Street, but no other car was in sight. Mrs. Clarke attempted to cross Washington Street, and she alleges that when she was about two-thirds of the way across, she was struck by the right front fender of defendant's auto-mobile, which had "dashed by" the automobile they had seen, and proceeded a distance of 60 feet after hitting her.

The court correctly instructed the jury that if Mrs. Clarke committed herself to the crossing substantially ahead of an approaching car, she had the superior right of way; that it was the duty of the defendant to stop in order to give her an opportunity to com-plete the crossing: Taylor v. P. R. T., 107 Pa. Su-perior Ct. 124, 163 A. 538. But if Mrs. Clarke, in a confused state of mind, walked into the rear of the car, 10 feet north of the crossing, as contended by defendant, then there could be no recovery. Of course, she was bound to use due care, but the jury could have well concluded that appellant's car was beyond the car she saw north of Washington Street when she entered the cartway. There is no evidence as to the weather or lighting conditions at the corner, or that the appellant's automobile had proper headlights. Ac-cepting, as true, the plaintiff's testimony as to the con-ditions that prevailed, Mrs. Clarke had the right to assume that it was prudent to proceed and that she would not be run down by a car not then within her vision. "If there is any superior right to use the highway ...... it is with the pedestrian who is in the cartway": Gilles v. Leas, 282 Pa. 318, 321, 127 A. 774; McGurk v. Belmont et al., 297 Pa. 192, 196, 146 A. 539. In Schulte v. Yellow Cab Co., 104 Pa. Superior

Ct. 130, 158 A. 184, cited by the appellant, the accident happened in the middle of the block after the plaintiff had walked 10 feet from the curb. The street was well-lighted, and the cab was going at a speed of 10 to 15 miles an hour, and moved only 5 or 6 feet after striking the plaintiff.

Nor do the physical facts discredit the plaintiff's version of the accident, as contended. The testimony that the glass in the rear of appellant's car was broken is persuasive, but is not decisive as to the cause of the accident or that the plaintiff was negligent. The manner in which the appellant operated his car, the conduct of the plaintiff, and other important facts, were in controversy and depended on oral evidence. There was no physical fact that demonstrated conclusively the correctness of the appellant's theory as to bring this case under the doctrine of "indisputable physical facts": Zimmer et al. v. Clark, 103 Pa. Superior Ct. 145, 156 A. 815. As the evidence on the part of the plaintiffs does not disclose that Mrs. Clarke failed to discharge her legal duty, the issues involved were for the jury.

Separate verdicts were rendered in favor of the plaintiffs, but only one appeal was taken. In such case, there should have been two appeals. At the argument, the appellant elected to stand on the appeal in the case of the wife. In view of our disposition of this case, the oversight is unimportant.

Judgment affirmed.