## Lieberman, Appellant, *v.* Philadelphia Transportation Co.

Argued January 16, 1963. Before MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Alan Kahn*, with him *Winokur & Kahn*, for appellant.

*Philip Kalodner*, for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, March 19, 1963:

At 1:30 a.m. on April 26, 1958, a collision occurred at the intersection of Greene and Harvey Streets in the Germantown section of Philadelphia between an

automobile owned and operated by Irwin Lieberman (Lieberman) and a passenger bus owned by the Philadelphia Transportation Co. (PTC), and operated by one Norris Anderson. Greene Street, 30 feet in width, runs generally in a north-south direction, while Harvey Street, 24 feet in width, runs generally in an east-west direction. At the intersection of these two-way streets is a traffic signal which flashes, alternatively, red and green and was operating at the time of the accident.

Lieberman instituted a trespass action in Court of Common Pleas No. 6 of Philadelphia County against the PTC claiming that the collision was caused solely by the latter's negligence and seeking damages sustained by him both to his automobile and to his person.

According to Lieberman, he was traveling in an easterly direction on Harvey Street and, as he approached Greene Street, the traffic light was green for traffic on Harvey Street; at the curb line of Greene Street, he looked to his left and saw nothing approaching in that direction; he then looked to his right and saw the bus bearing down upon him; at that time part of the bus was on the left or wrong side of the imaginary center line of Greene Street; that the bus struck his automobile when the latter was in the intersection and in the center of Greene Street. According to Anderson, the bus driver, he was proceeding in a northerly direction on Greene Street at approximately 20 miles per hour; that the traffic light at the intersection was green for traffic proceeding on Greene Street; when he saw the headlights of the Lieberman automobile he applied the brakes and the left front of the bus and the right front fender of the automobile came in contact.

After a trial before the Honorable EARL CHUDOFF and a jury, the jury returned a verdict in favor of the PTC and against Lieberman. Lieberman's motion for

a new trial having been denied and judgment entered on the verdict, Lieberman took this appeal.

Two questions, both relating to the instructions of the trial court to the jury, are raised upon this appeal: whether the trial court erred (a) in stating to the jury that Lieberman was asserting that the fact that he had the right of way relieved him of the "duty of exercising *the highest degree of care*" at the intersection and (b) in refusing one of Lieberman's requested points for charge.

Inter alia, the trial court stated to the jury: "In this case the plaintiff [Lieberman] asserts that by reason of the green traffic signal he had the right of way at this intersection, and that this right of way relieved him somewhat of *the duty of exercising the highest degree of care which ordinarily exists at intersections.* That proposition cannot be affirmed as a matter of law, for, as stated at the outset, intersections are fraught with hazard and *drivers must always exercise the highest degree of care to prevent accidents.*" (Emphasis supplied). At the conclusion of the entire charge the following colloquy took place: "MR. KAHN: In discussing the law applicable to intersection and controlled intersections, I understood your Honor to say that the plaintiff here said he had the green light at the time of the accident and that this relieves him of exercising the highest degree of care. THE COURT: I never said that. MR. KAHN: I may have been mistaken, but if your Honor said that—.THE COURT: If I said that, I give you an exception. But I know I never said that."

The thrust of Lieberman's argument is that this instruction as to the degree of care was clearly erroneous, i.e., a motorist is required at street intersections to exercise not the *highest,* but only a *high,* degree of care and that, by such instruction, the trial court placed upon Lieberman a higher standard of conduct

than the law requires which may well have led the jury to find that Lieberman was negligent under the circumstances.

In denying a new trial, the court below sought to justify its action upon two grounds: *first,* our appellate courts have stated that care at street intersections is the *highest duty of* motorists and, since "duty" and "care" are virtually synonymous, the instructions were correct as a matter of law; *second,* the portion of the instructions excepted to were but a small part of the whole charge and, if the charge be examined in its entirety, it is readily apparent that the instructions excepted to in nowise misled the jury.

On occasion, our appellate courts have stated that care at street crossings is the *highest duty* of motorists: *Martino v. Adourian,* 360 Pa. 580, 583, 63 A. 2d 12; *Simon v. Moens,* 356 Pa. 361, 365, 51 A. 2d 737; *Grande v. Wooleyhan Transport Co.,* 353 Pa. 535, 538, 46 A. 2d 241; *Grimes v. Yellow Cab Co.,* 344 Pa. 298, 302, 25 A. 2d 294; *Smith v. Wistar,* 327 Pa. 419, 422, 194 A. 486; *Logan v. Bethlehem City,* 324 Pa. 7, 11, 187 A. 389; *Goodall v. Hess,* 315 Pa. 289, 292, 172 A. 693; *Byrne v. Schultz,* 306 Pa. 427, 431, 160 A. 125; *Newman v. Protective Motor Service Co.,* 298 Pa. 509, 513, 148 A. 711; *Johnson v. French,* 291 Pa. 437, 438, 140 A. 133; *Armstrong v. McGraw,* 115 Pa. Superior Ct. 156, 161, 175 A. 279; *Kellner v. Parker, Jr.,* 106 Pa. Superior Ct. 522, 525, 163 A. 353. On *one* occasion this Court did state that the duty of a motorist at a street intersection is to exercise the *"highest degree of care",* the Court stating: "There is a higher degree of care due by the drivers of motor vehicles at all street crossings than at other points in the highway, but at such crossings as this [the junction of the streets was such that a person crossing one street was within the zone of traffic moving from one street into this street from three different directions], because of the perils

to pedestrians using them under modern traffic conditions, the duty of care which is cast upon the driver . . ., is of *the highest degree*": *Mooney v. Kinder,* 271 Pa. 485, 488, 115 A. 826. (Emphasis supplied) The intersection involved in *Mooney,* supra, was unusual and the ruling in *Mooney* must be restricted to its own factual situation.

There are instances where the law does impose the obligation to exercise the "highest degree of care". Examples thereof are to be found in situations involving: (a) suppliers of electricity (*Stark v. Lehigh Foundries,* 388 Pa. 1, 8, 9, 130 A. 2d 123; *Brillhart v. Edison Light & Power Co.,* 368 Pa. 307, 312, 82 A. 2d 44); (b) handlers of explosives (*Rafferty v. Davis,* 260 Pa 563, 566, 567, 103 A. 951; *Federoff v. Harrison Construction Co.,* 163 Pa. Superior Ct. 53, 58, 60 A. 2d 334, aff'd. 362 Pa. 181, 66 A. 2d 817); (c) common carriers (*Brown v. Ambridge Yellow Cab Co.,* 374 Pa. 208, 97 A. 2d 377; *O'Malley v. Laurel Line Bus Co.,* 311 Pa. 251, 254, 166 A. 868).

However, with the possible exception of *Mooney,* supra, this Court has never imposed upon a motorist at a street intersection the duty of exercising the *"highest* degree of care". Those decisions which state that "care at street crossings is the highest duty of motorists" may momentarily cause some confusion in this respect but an examination of each of those decisions clearly reveals that the "duty" or "obligation" imposed was the exercise of a *"high",* not the *"highest",* degree of care on the part of the motorist. "Highest duty" is not synonymous with "highest degree of care"; the former refers to the obligation while the latter refers to the extent of the obligation.

Even where the motorist, by reason of a favorable traffic signal or otherwise, has the right of way at a street intersection, the motorist is held to the exercise of a higher degree of care than between street intersections and it is the presence of the intersection that

determines the care required of the motorists: *Kane v. Scranton Transit Co.*, 372 Pa. 496, 94 A. 2d 560; *Atkinson v. Coskey*, 354 Pa. 297, 47 A. 2d 156. However, the motorist is not held to the exercise of the *"highest* degree of care" but to the exercise of a *"high* degree of care", such care as a prudent person would exercise at a place and under circumstances fraught with the hazard of danger. The burden of exercising the "highest degree of care" placed by the trial judge upon Lieberman was without legal justification and his instructions in that respect were clearly erroneous.

The court below, however, takes the position that, even though the instructions were erroneous in that portion of the charge, yet an examination of the charge in its entirety indicates that Lieberman was not prejudiced by such error, relying on *Black v. A. E. Troutman Co.*, 385 Pa. 138, 140, 122 A. 2d 201 wherein we said: "In determining whether a court's instructions to the jury are erroneous we must consider that charge as a whole, and if it is not misleading we will not reverse, even though there be some inaccuracies or misstatements. Error cannot be predicated upon isolated excerpts if, when read with the remainder of the charge, a true and correct charge is revealed: . . . ." In other portions of the charge the trial court properly defined for the jury the standard of care required of a motorist at street intersections but in the portions of the charge to which exception has been taken the court misstated the law and placed upon Lieberman the burden of exercising an entirely different degree of care and, in effect, instructed the jury that, unless Lieberman had complied with this erroneous standard of care, he might be guilty of contributory negligence. Under such circumstances we cannot say that the jury was not misled by the erroneous instructions.

Under the circumstances presented we are bound to follow the rule enunciated in *Hisak v. Lehigh Valley*

*Transit Co.,* 360 Pa. 1, 6, 59 A. 2d 900, recently re-affirmed in *Stegmuller v. Davis,* 408 Pa. 267, 271, 182 A. 2d 745, wherein we stated: "Where an erroneous instruction consists of a palpable misstatement of the law, it is not cured by a conflicting or contradictory one which correctly states the law on the point in-volved, for the jury, assuming, as is their duty, that the instructions are all correct, may as readily have followed the incorrect as the correct one and it is im-possible to know which they accepted: [citing cases]." In our view, the instructions given by the trial court to the jury that a motorist at street intersections is ordinarily held to the highest degree of care were clear-ly erroneous and it cannot with any certainty be said that such erroneous instructions did not mislead this jury and, therefore, a new trial must be granted.

In view of the grant of a new trial we might well not give any consideration to the second point raised by Lieberman, i.e., the refusal of one of his points for charge. However, since the case must be retried, we deem it expedient to pass upon this point which might be raised at the second trial.

Lieberman requested the court to charge: "If you find that the PTC bus driver was driving over to his left of the center of the highway, so far to the left that a car coming the other way could not have passed, then you may find him negligent". The court below refused to so charge. Both factually and legally the court was correct in its refusal to so charge. There was no evi-dence that the bus was being operated so far to the left that a car coming south on Greene Street could not have passed it and the record reveals nothing which could have sustained a finding that the position of the bus to the left or wrong side of the imaginary center line of Greene Street was a proximate cause of this collision.

Judgment reversed and new trial granted.