## Guriel *v.* Scott, Appellants.

Argued April 16, 1963. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*W. Robert Thompson,* with him *Thompson and Baily,* for appellant.

*George B. Stegenga,* with him *John I. Hook, Jr.,* for appellees.

*John F. Roney,* with him *Floyd A. King,* for appellee.

OPINION BY FLOOD, J., June 12, 1963:

Following this intersection collision, Mrs. Guriel, the driver of one of the cars and Mrs. Ricci, her passenger, brought separate actions against the defendant Scott. Scott added Mrs. Guriel as an additional defendant in Mrs. Ricci's action. The jury found both drivers negligent, bringing in a verdict for the defendant in Mrs. Guriel's case and for the plaintiff against both Mr. Scott and Mrs. Guriel in Mrs. Ricci's case. Mrs. Ricci received a verdict of $300.

The court below granted a new trial in both cases because there was no evidence of Mrs. Guriel's negligence in the case in which she was plaintiff, and because of inadequacy of damages in the case in which Mrs. Ricci was plaintiff.

1. The collision occurred near the middle of the intersection. Mrs. Guriel was proceeding at approximately twenty to twenty-five miles per hour according to her own testimony. As she was going through the intersection, she noticed the appellant's car coming from her left about two or three car lengths from her. The left rear of her car was struck and her car swerved and upset. She produced several witnesses who corroborated her. A State policeman testified that she stated to him that as she was going down the road she saw Scott coming from her left and did not figure that he was not going to stop, that she kept on going and the next thing she knew he hit her left fender and rolled her car over.

Scott's testimony was that he approached Main Street at fifteen to twenty miles per hour and turned left into Main Street and at that moment saw Mrs. Guriel's car between sixteen and twenty feet from him. He had not seen her before. He estimated that she was going forty-five miles per hour. He measured the skid marks made by his own car which indicated that at the time of the collision Mrs. Guriel's car was not in its own lane. Mrs. Guriel's passengers testified that she was in her own lane.

Since the defendant obtained the verdict, the evidence must be viewed most favorably to him on the plaintiff's motion for a new trial. So read, there was adequate evidence, if believed, of Mrs. Guriel's contributory negligence to justify the verdict.

The defendant's testimony as to the position of his skid marks on the street, their length and the width of the street, together with his other testimony was suf-

ficient, if believed, to warrant the jury's finding that Mrs. Guriel was negligent. The fact that his testimony was uncorroborated goes only to its weight. Her argument that no one saw her in the wrong lane is a jury argument, and is not ground for overturning the verdict.

Even if his estimate of her speed may be ignored because he did not see her until just before the collision and formed his estimate upon what happened afterward, his testimony that after the collision she travelled ninety-five feet forward, skidded around and came back thirty feet was for the jury on the question of her speed. The plaintiff and two of her passengers testified that she was going twenty to twenty-five miles per hour as she entered the intersection. The legal limit is twenty. Act of April 29, 1959, P. L. 58, §1002, 75 PS §1002(b)(3).

The plaintiff testified that she did not see the defendant's car until she was in the intersection and he was only two or three car lengths from her. She did not testify whether she looked before she entered the intersection or that she slowed down as she entered it. She did not testify how fast the defendant was going or whether he seemed to be slowing down. Unless he was going very fast—and neither she nor any of the witnesses testified that he was—she evidently went into the intersection heedlessly. Certainly the jury could so find. "Even where the motorist, by reason of a favorable traffic signal or otherwise, has the right of way at a street intersection, the motorist is held to the exercise of a higher degree of care than between street intersections and it is the presence of the intersection that determines the care required of the motorist. . ." *Lieberman v. Philadelphia Transportation Co.,* 410 Pa. 179, 184, 188 A. 2d 719, 721 (1963).

The plaintiff relies heavily upon the uncontradicted testimony that she had the right of way and was almost

through the intersection when she was hit. These facts alone do not absolve her, if the jury resolves the other issues of credibility bearing upon her negligence against her, as it did here.

2. We find no abuse of discretion in the grant of a new trial to Mrs. Ricci because of the inadequacy of the damages awarded to her. The negligence of the defendants, or at least that of Scott, was clear. The jury added to their verdict of $300 the words "for medical expenses". There is little ground for concluding that the verdict was a compromise, except on the question of the amount of her damages. As to this, the evidence of loss of wages in the sum of $1407.95 was uncontradicted. The argument of the appellant that the doctor found no objective symptoms to account for her disability does not persuade us, under all the evidence, that the court below did not properly exercise its discretion in granting her a new trial because her verdict was inadequate.

The order of the court below in the case of Rose Marie Guriel and Nicholas Guriel, her husband, v. Edmond Scott is reversed and judgment is entered on the verdict.

The order of the court below is affirmed in the case of Ethel Ricci v. Edmond Scott, defendant, and Rose Marie Guriel, additional defendant.

WRIGHT, J., would affirm on the opinion of the court below.