# Healy *v.* Shedaker, Appellant.

*Negligence—Automobiles—Street crossing—Pedestrian — Looking—Contributory negligence—Case for jury.*

1. Where a pedestrian, in crossing a street on a dark night, reaches an island safety zone, and then looks southward in the direction in which the travel is coming, and seeing no vehicle approaching, proceeds without continuously looking southward for a distance of twenty feet, when she is struck by an automobile bearing no lights, sounding no warning and going at a speed of from twenty to thirty miles an hour, she cannot be charged with contributory negligence as a matter of law.

2. If, in such a case, it appears that the driver of the car did not know there was a street crossing at this point, it was his duty all the more to have his car under such control that he might immediately stop it, or turn it aside from an object intercepting his path.

Argued March 24, 1919. Appeal, No. 244, Jan. T., 1919, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1917, No. 1112, on verdict for plaintiff in case of Mary A. Healy v. C. Ardley Shedaker. Be-

fore BROWN, C. J., FRAZER, WALLING, SIMPSON and KEP-
HART, JJ.    Affirmed.

Trespass for personal injuries.    Before PATTERSON, J.
Verdict and judgment for plaintiff for $2,500.    De-
fendant appealed.

*Error assigned,* among others, was in refusing judg-
ment for defendant n. o. v.

*William G. Wright,* with him *Robert P. F. Maxwell,*
for appellant.

*Sidney E. Smith,* with him *Martin J. Powers* and *W.
A. Rex Schultze,* for appellee.

OPINION BY MR. JUSTICE KEPHART, April 28, 1919 :
A mere statement of the facts is sufficient to sustain
the judgment of the court below.

The appellee was walking across Broad street, as it
intersects Susquehanna avenue, in the City of Philadel-
phia.    She had proceeded as far as the island safety zone,
when she looked southward, from which direction travel
would come.    Seeing no vehicle approaching, she pro-
ceeded to a point about twenty feet from the safety zone,
or eight feet from the eastern curb, when she was struck
by the appellant's car proceeding north on Broad street.
The night was dark, the car had no lights, no warning
sound of approach was given, and it was traveling at a
speed of from twenty to thirty miles an hour as it passed
a witness a short distance south of the crossing.    This
testimony, accepted by the jury, clearly established the
defendant's negligence.    It is the duty of the driver of an
automobile, when approaching a street crossing, to have
his car under such control that he may stop it so as to
avoid an accident.

The appellant's contention that the appellee did not
use due care in not constantly looking to the south to

ascertain the approach of the car, and was, therefore, guilty of contributory negligence as a matter of law, is without merit. It was dark, and the car was traveling without lights. Had she looked she scarcely could have observed it in time to free herself from danger. This was, however, for the jury to determine. While it was her duty to look where she was going, and not rush blindly into danger, the facts in this case do not call for the application of that rule. She had looked before starting from the safety zone, and by continuing to look, under such circumstances, she would have added nothing to her security. At least, her act could not be declared negligence as a matter of law. That it was not due care was for the jury to say. The court below in its charge said: "If the jury believes from the evidence that when the plaintiff stepped from the isle of safety or concrete post base she failed to look whether a vehicle was approaching and that the automobile coming towards her was plainly in view had she chosen to look, she took the risk of going across the street in front of it and was guilty of contributory negligence and your verdict must be for the defendant." This adequately presented every phase of the appellant's case as predicated on the conduct of the appellee.

If the driver of the car did not know there was a street crossing at this point, this only emphasized the duty to use greater precaution while traveling in a city; as his car was without lights, this increased the caution necessary. Under such circumstances, it was his duty to have his car under such control that he might immediately stop it, or turn it aside from an object intercepting his path.

The judgment of the court below is affirmed.