Johnston *v.* Cheyney, Appellant.

Argued April 23, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

.*Frederick H. Spotts,* with him *Layton M. Schoch,* for appellant.—The court erred in refusing to permit defendant to state whether or not he knew at the time of the accident that the place used by plaintiff was a public crossing: Watson v. Lit Bros., 288 Pa. 175.

The court erred in permitting a witness for the plaintiff to testify with respect to the alleged condition of the brakes of the car of defendant after the accident, and, in effect, to instruct the jury that it might find from such testimony that the brakes were defective at the time of the accident.

The verdict of the jury was excessive.

*Henry A. Frye,* with him *Fletcher W. Stites* and *Karl W. Johnson,* for appellee.—It was not reversible error for the trial judge to refuse to permit defendant to testify whether or not he knew at the time of the accident that the place where plaintiff was crossing was a public crossing or intersection: Healy v. Shedaker, 264 Pa. 512; Johnson v. French, 291 Pa. 437.

On conflicting evidence, whether defendant was guilty of negligence in respect to the equipment or condition of his motor vehicle, and whether such negligence was the proximate cause of the injury, the questions are of fact and for the jury: Petrosky v. Danovitz, 86 Pa. Superior Ct. 22; Scheer v. Melville, 279 Pa. 401; Edwards v. Matt, 77 Pa. Superior Ct. 140; McGettigan v. Auto Co., 20 Pa. Dist. R. 47.

The verdict was not excessive.

OPINION BY MR. JUSTICE WALLING, May 13, 1929:

The West Chester Pike extending westerly from Philadelphia, in Delaware County, is entered from the south by Brief Avenue, a short distance from the city line. The pike is paved in the center to the width of approximately eighteen feet, with an earth bank or berm on each side, nine feet wide. To the south of the south berm, and parallel with the pike, is a double track street railway. At about nine o'clock on the evening of April 9, 1925, the plaintiff, Mary C. Johnston, then a lady fifty-eight years of age, accompanied by her sister, walked along the north sidewalk of the pike which they attempted to cross in a southerly direction when opposite the entrance to the avenue, a customary crossing place for pedestrians. At the same time the defendant, Arthur B. Cheyney, accompanied by four friends returning from a golf club, so drove his automobile easterly upon the pike as to strike the two ladies and inflict upon plaintiff very serious and permanent injuries. This action brought on account of the damages thereby

sustained resulted in a verdict and judgment for plaintiff and defendant has appealed.

We have carefully examined the assignments of error and the entire record, but find no ground for disturbing the judgment. In support of this, we must assume the truth of plaintiff's evidence and all inferences fairly deducible therefrom. So doing, it appears that, before the ladies attempted to cross the pike, they looked both east and west and, finding the pike clear to the east and nothing in view to the west but lights a block away, started across the pavement, but just before they had cleared it were struck by defendant's eastbound automobile which approached without warning at the speed of forty-five miles an hour and dragged plaintiff from fifty to seventy-five feet. The ladies were rendered unconscious but testimony of others described the details of the accident. There was also evidence that defendant's car was equipped with defective brakes. The exact condition of the light at the place of accident was not clearly shown, but there were street lights and some light from a garage located on the north side of the pike. The distance the car ran after the collision and the affirmative evidence as to speed made the question of defendant's negligent operation for the jury. That the statute then limited the speed to thirty miles an hour, and that it was in the evening and at the end of an intersecting street where people might be expected to enter or leave or cross the pike were factors in the case. This was not tried as the case of an accident at a public crossing, but the entry of one public street into another creates a condition which, even to a stranger, suggests at least a degree of care not required in a single open street.

There was no substantial error in declining to permit the defendant to testify he was ignorant of the fact that people were accustomed to cross the pike at this place. It being the end of an incoming avenue, he was bound to take notice that it was a place where vehicles might

be turning in or coming out and where pedestrians might be expected to cross the pike. Under the circumstances lack of knowledge would not decrease his burden of care. See Healy v. Shedaker, 264 Pa. 512. The case bears no analogy to Watson v. Lit Brothers, 288 Pa. 175, where the accident happened in daylight and the pedestrian appeared suddenly and unexpectedly in front of the truck, which was moving only about ten miles an hour and stopped in a few feet.

The statute (see section 21, Act of June 14, 1923, P. L. 718, 745) requires that every motor vehicle be equipped with brakes capable of controlling it under all normal conditions; and see 42 C. J. p. 896. Hence, it was relevant to show that defendant's car was not so equipped. Proof that the brakes failed to operate properly immediately following the accident was relevant on this question. See 42 C. J. 1243. It made little difference, however, on the matter of defendant's negligence whether the car ran fifty to seventy-five feet after the accident because of excessive speed or defective brakes.

The evidence for the defense was, inter alia, that the car was going about twenty-five miles an hour; that when defendant was within fifteen feet of the point of accident the ladies came suddenly from behind a west bound car, crossed to the south side of the pavement and then one drew the other back in the path of defendant's car, by the right fender of which they were struck, that he strove to avoid them by veering to the north, then applied his brakes and stopped in forty or fifty feet. Defendant also testified his brakes were in good condition and, going at twenty-five miles an hour, he thought he could have stopped in about twelve feet. The trial judge instructed the jury to find for the defendant if they believed this evidence. It is not probable, however, that two ladies of mature age would attempt to cross in front of a car which was within fifteen feet, nor possible that they could have walked across the south half of the pavement and then stepped back in the path

of the car while it was moving that distance. If so, they were going some twenty-five miles an hour. On the other hand, if the ladies were moving three miles an hour and the car forty-five miles, while they were going fifteen feet it would go two hundred and twenty-five feet. Furthermore, the distance the car moved after the collision is inconsistent with defendant's contention as to its speed and the condition of its brakes. Plaintiff's evidence as to defendant's excessive speed and lack of control made a clear prima facie case against him; whether this or his evidence should be accepted was for the jury. The question of contributory negligence is not raised, nor could it well be under the evidence.

While the verdict was substantial in amount it was not disproportioned to the very serious and permanent injuries plaintiff sustained. The charge fairly submitted the case to the jury and was free from legal error. While some of the general remarks, complained of as to the defendant and his conduct might well have been omitted, they were not of such a prejudicial nature as to require a new trial.

The judgment is affirmed.