## Smith *v.* Wistar, Appellant.

420

Argued April 22, 1937. Before KEPHART, C. J., MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John J. McDevitt, Jr.,* with him *Joseph M. Leib* and *John J. McDevitt, III,* for appellant.

*Robert F. Irwin, Jr.,* of *Donahue, Irwin, Merritt & Gest,* with him *George M. Kevlin,* for appellee.

OPINION BY MR. JUSTICE BARNES, October 8, 1937:

On the evening of February 7, 1935, the plaintiff, while crossing Germantown Avenue from the east to the west side, at its intersection with Slocum Street and Pelham Road, was struck by a Ford roadster operated by the defendant. Germantown Avenue is a main thoroughfare in the City of Philadelphia, with double trolley tracks thereon. Slocum Street intersects Germantown Avenue on its east side only. Immediately to the south

of Slocum Street is Pelham Road, at right angles with Germantown Avenue, on its west side.

The plaintiff alighted from a northbound trolley car on Germantown Avenue, and walked to the southeast corner of Germantown Avenue and Slocum Street. She stood upon the pavement until the trolley had passed on, when she was beckoned to proceed across the street by the driver of an automobile that had stopped immediately behind the trolley car. This she did, passing directly in front of the automobile. The plaintiff testified that she looked for approaching automobiles, both prior to committing herself to the crossing and when she was in the middle of the street, and that at neither time was there any in sight, except the one in the rear of the trolley car.

According to the evidence, when plaintiff had almost completed the crossing of Germantown Avenue, which at this point is some thirty-six feet in width, she was struck by defendant's automobile as she was about to step upon the pavement on the west side of the street. The force of the impact was such that she sustained a fractured skull and other severe injuries which required her to remain in a hospital for six weeks.

The plaintiff's story is supported by the testimony of Marion Killeen, an eyewitness to the accident. This witness states that the plaintiff was struck when she was within a few feet of the west curb of Germantown Avenue, and that defendant's automobile did not come to an immediate stop after striking her, but continued on approximately eighty-five to one hundred feet; that after the accident the plaintiff was lying unconscious in the cartway of Germantown Avenue at least fifty feet from the place where she was hit by the defendant's car. This testimony is corroborated by another witness for the plaintiff.

The defendant on the evening in question was driving his automobile south on Germantown Avenue, as he testified, at the speed of twenty miles an hour, straddling

the west rail of the southbound trolley tracks; that as he approached Slocum Street, he saw a northbound trolley car had stopped at the corner. He says that without warning the plaintiff stepped from behind the trolley car immediately in front of his machine, and was within eight or ten feet of him when first she came within his vision; that there was not sufficient time to avoid striking her because of the suddenness of her appearance. A witness, who was riding with the defendant at the time of the accident, corroborated his story.

The jury returned a verdict for the plaintiff. Defendant's motions for new trial and for judgment were overruled by the court below. This appeal is from the order of the court below overruling the motion for judgment non obstante veredicto.

The duty of care that operators of motor vehicles must observe at street crossings has been defined so many times by this court that it needs no discussion. In *Goodall v. Hess*, 315 Pa. 289, 292, we said: "At street crossings drivers must be highly vigilant and maintain such control that they can stop their cars on the shortest possible notice. It is the highest duty of motorists. The pedestrian has the right of way: *Rhoads v. Herbert*, 298 Pa. 522; *Newman v. Protective M. S. Co.*, 298 Pa. 509; *Johnson v. French*, 291 Pa. 437; *Gilles v. Leas*, 282 Pa. 318." See also *Eckert v. Merchants Shipbuilding Corp.*, 280 Pa. 340; *Johnston v. Cheyney*, 297 Pa. 199; *Giles v. Bennett*, 298 Pa. 158, 164; *Logan v. Bethlehem City*, 324 Pa. 7.

If injury is occasioned by reason of the failure to exercise the degree of care required at a crossing, it is a breach of duty on the part of the motorist for which he is responsible. In the present case the questions whether defendant exercised due care or whether plaintiff was contributorily negligent were for the jury. Both questions were submitted with careful instructions and were decided in favor of the plaintiff. This determination is

conclusive and must stand, unless unsupported by the evidence.

Our review of the record convinces us that the verdict is sustained by the testimony. The distance defendant's car continued after striking plaintiff, and the violence of the impact justifies the conclusion that the defendant was either traveling at an excessive rate of speed, or was not exercising the degree of watchfulness required of motorists at street crossings: *Schoepp v. Gerety*, 263 Pa. 538; *Robb v. Quaker City Cab Co.*, 283 Pa. 454; *Johnston v. Cheyney*, supra.

It cannot be held as a matter of law that the plaintiff was contributorily negligent. Before attempting the crossing she looked a second time when at the curb, and again when in the middle of the street, and on neither occasion did she observe danger approaching. She had reached a point almost at the opposite curb line before being struck by the oncoming automobile. Hence our rule that a pedestrian not only must look before undertaking a street crossing, but continue to look as he proceeds on his way, has no application to the present case: *Carnevale v. McCrady-Rodgers Co.*, 318 Pa. 369.

The doctrine that a pedestrian cannot say that he looked and did not see an approaching danger that was plainly visible, is here equally inapplicable: *Watson v. Lit Bros.*, 288 Pa. 175; *Goff v. College Hill Borough*, 299 Pa. 343; *Dando v. Brobst*, 318 Pa. 325; *Carnevale v. McCrady-Rodgers Co.*, supra. This is not a case where the pedestrian stepped directly in the path of a moving car, but rather one where the pedestrian, already engaged in making the crossing, was justified in believing that passing motorists would have due regard for her safety.

We are satisfied that it was a question for the jury to decide, and not for the court to declare whether plaintiff was guilty of contributory negligence: *Healy v. Shedaker*, 264 Pa. 512; *Mooney v. Kinder*, 271 Pa. 485;

424

*Gilles v. Leas,* supra; *Villiger v. Yellow Cab Co.,* 309 Pa. 213. We see no reason to disturb the determination of the jury upon the questions at issue in the case. Judgment affirmed.