## Simon *v.* Moens et al., Appellants.

Argued January 8, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

362

reargument refused April 14, 1947.

*Ralph S. Croskey,* with him *Croskey & Edwards,* for appellants.

*Milford J. Meyer,* with him *Samuel M. Brodsky,* for appellee.

OPINION BY MR. JUSTICE DREW, March 29, 1947:

Plaintiff seeks damages for personal injuries alleged to have been sustained as a result of the negligence of defendants. A verdict having been returned for plaintiff, the learned trial court having dismissed defendants' motions for judgment n.o.v. and a new trial and entered judgment on the verdict, defendants appealed, alleging error in refusing their motions.

Plaintiff, Michael S. Simon, 29 years of age at the time of the accident, is a State policeman and was injured while on duty. The defendants are four individuals, Louis, Benjamin, Meyer and Jacob Moens, trading as Philadelphia Magnesia Company.

On October 15, 1942, at about one o'clock of the afternoon during a drizzling rain, plaintiff was driving a State-owned automobile south on Providence Road toward Twenty-fourth Street in the City of Chester. He was then searching for trucks which had strayed from an army convoy. At the same time, Anthony Varalli, an employee of defendants, was driving their truck north on Providence Road, toward Twenty-fourth Street.

Twenty-fourth Street, 26 feet wide, intersects Providence Road, 30 feet wide, on the west side only, at a

forty-five degree angle from the southwest. It is admitted the vehicles collided on Providence Road, near the middle of the intersection, about' twelve feet from the southwest corner. It is also admitted that Varalli was making a very slow turn, at a speed of about three miles an hour, toward Twenty-fourth Street. His car had gotten slightly over on plaintiff's side of the road. His negligence was rightly a question for the jury.

The only issue here is the alleged contributory negligence as a matter of law of the plaintiff. In determining this issue, in passing on the motion for judgment n.o.v., we have read all the testimony in the light most favorable to plaintiff, and have resolved all doubts in his favor, as we are required to do. Although viewed in this most favorable way we have been unable to escape the conclusion that plaintiff was not only negligent, but that his negligence was the proximate cause of the accident. His own testimony regarding speed which only the most credulous could accept as true is completely overcome by certain undisputed facts, which make any other conclusion impossible.

Plaintiff testified that when he was 10 or 30 feet from the north line of Twenty-fourth Street (his testimony here being conflicting, he saw Varalli approaching and that Varalli was then at the south line of that street, 36 feet from him, turning slowly to his left and partially obstructing the south lane of Providence Road in which plaintiff was travelling. Plaintiff said he was moving at a speed of 30 to 35 miles an hour, and that at that speed he could not stop the car on a dry road in less than 70 feet. He did not contend that he did anything to reduce his speed or to prevent the collision. He said the cars collided, striking a glancing blow on the left front fender of each car, and that his car veered to its right, ran against and over the ten inch concrete curb and into a heavy wooden electric light pole, located at least twelve feet from the point of collision. The car hit the pole, which was a foot in diameter and thirty

feet in height, with such force that it was split from top to bottom. Plaintiff was seriously injured and was unconscious for twenty-four hours. The front of his car was smashed as a result of hitting the pole. Defendants' car, which had only been struck a glancing blow, was only slightly damaged. We said in *Smith v. Wistar,* 327 Pa. 419, 423, 194 A. 486: "The distance defendant's car continued after striking plaintiff, and the violence of the impact justifies the conclusion that the defendant was either traveling at an excessive rate of speed, or was not exercising the degree of watchfulness required of motorists at street crossings: Schoepp v. Gerety, 263 Pa. 538; Robb v. Quaker City Cab Co., 283 Pa. 454; Johnston v. Cheyney, [297 Pa. 199, 146 A. 551]."

Try as he would, plaintiff could not hide the fact he was guilty of gross negligence. He insisted Varalli turned immediately in front of him, suddenly and without warning, when so close to him a collision was inevitable, although he was proceeding at a reasonable rate of speed. It is impossible to escape the conviction that plaintiff's speed was far in excess of that to which he testified. The mute testimony of two inanimate objects, the curb stone and the light pole, show conclusively that plaintiff's testimony in this respect was either mistaken or false. The great force and violence with which his car ran into and over the curb, was firmly embedded in the light pole, tore up the brick pavement around the pole and split the pole in two, was created by the speed of the car, and nothing else. These facts are undisputed, and of themselves demonstrate that the speed of plaintiff's car was excessive and negligent.

In *Shoffner v. Schmerin,* 316 Pa. 323, 327, 175 A. 516, where this Court, reversing the court below, held plaintiff guilty of contributory negligence as a matter of law and entered judgment for defendant, Justice MAXEY, now Chief Justice, said: "Plaintiff's speed being excessive under the circumstances, it was not necessary to prove the degree of its excessiveness. It may be noted,

however, that the speed was such that, though the truck with its contents weighed 12,000 pounds, its body was 'pushed up toward the cab' and 'bent the cabin,' that the motor of plaintiff's coupe 'was on the ground, that the radiator was totally demolished and pushed back where the motor should have been,' that plaintiff himself was rendered unconscious and remained so until after he was taken to the hospital, and that the injuries he sustained were so serious as to confine him to the hospital for eleven weeks. Plaintiff's own testimony and the admitted facts as to extent of the injuries to both coupe and truck and to the plaintiff himself lead to but one conclusion and that is, that plaintiff . . . was contemptuous of caution."

Plaintiff, in the instant case, did not have his car under control when he approached and entered the intersection. He was negligent as a matter of law. We said in *Calliano v. East Penn Electric Co.*, 303 Pa. 498, 503, 154 A. 805: "It is the duty of the driver of a . . . motor vehicle at all times to have his car under control, and having one's car under control means having it under such control that it can be stopped before doing injury to any person in any situation that is reasonably likely to arise under the circumstances." When this rule is applied to the facts of this case, it is certain that plaintiff did not have his car under any such reasonable control—the conclusion is inevitable that he was travelling at a speed greatly in excess of that which he admitted and that he made no effort to stop or reduce the speed when the accident was imminent.

We have repeatedly stated the rule that care at street crossings is the highest duty of drivers: *Grande v. Wooleyhan Transp. Co.*, 353 Pa. 535, 46 A. 2d 241. The operator of a motor vehicle at an intersection must be vigilant and exercise a high degree of care to have his car under complete control before attempting to cross the intersecting street: *Byrne v. Schultz*, 306 Pa. 427, 160 A. 125. "We have held over and over again that at street

crossings drivers must be exceedingly vigilant to have their cars under such control that they may stop at the slightest sign of danger": *Gilles v. Leas,* 282 Pa. 318, 320, 127 A. 774.

Plaintiff relies on *Reidinger v. Lewis Jones, Inc.,* 353 Pa. 298, 45 A. 2d 3, but that case is materially different, and easily distinguishable, from the instant case. There the parties were travelling from opposite directions into a T intersection, and plaintiff was driving on a dry road at but 20 miles an hour when of a sudden and without any action that could warn plaintiff of his intention to do so, defendant, when the cars were 15 feet apart, swung in front of plaintiff and toward the intersection. Therefore, defendant's negligent conduct made the collision inevitable.

In the instant case it is determined that the speed of plaintiff's car was greatly in excess of 35 miles an hour when he crossed into the intersection and therefore he did not have his car under control. Because of this negligence the collision was inescapable and plaintiff's contributory negligence was such as to be declared as a matter of law.

Judgment reversed, and here entered for defendants.