Thompson, Appellant, *v.* Gorman.

Argued November 24, 1950. Before DREW, C. J., STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Philip S. Polis,* for appellant.

*Thomas E. Comber, Jr.,* with him *Pepper, Bodine, Stokes & Hamilton,* for appellee.

OPINION BY MR. JUSTICE BELL, January 2, 1951:

Plaintiff sued defendant in trespass for injuries sustained by her while crossing a street in Philadelphia. Binding instructions were given for defendant, a motion for new trial was refused and this appeal followed.

The material facts are as follows: Plaintiff, aged 66, was coming home from work at five minutes of five on June 21, 1949. She was proceeding west on Diamond Street intending to cross Front Street. Defendant's automobile was coming east on Diamond Street intending to turn left on Front Street. When plaintiff got to the northeast corner of Front and Diamond Streets, she noticed that the light was green, thus giving a right of way to pedestrians and automobilists on Diamond Street. While standing on the corner, she saw an automobile, the defendant's, coming down Diamond Street in the opposite direction to which she was walking; it was then about 50 feet from the west curb line of Diamond Street. Plaintiff then stepped off the curb to cross Front Street a few steps in back of three or four people.

When plaintiff got to the center of the street, viz., between the second and third rail, meaning the space between the trolley tracks that run north and south on Front Street, defendant's automobile came along-

side of her; she stepped back, lost her balance, fell, and sustained serious injuries. When she stepped back, the automobile was less than two feet from her. From the time she saw defendant's automobile (when she was on the corner of Front and Diamond Streets, and it was approximately 50 feet west of the west curb line of Front Street) she did not see the automobile again "until it was right alongside of me". She testified that she did not hear any warning signal and that there was nothing to block her view of the automobile nor the driver's view of her. Twice a month for 21 years plaintiff had crossed the street at this intersection and she testified that at the time of day it was a busy intersection.

Front Street is thirty-four feet wide from curb to curb, with pavements thirteen feet wide. Diamond Street is twenty-six feet wide, curb to curb, with pavements twelve feet wide. Front Street has north and south bound street railway tracks, each five feet, two inches in width, with a "dummy" between, four feet, six inches in width. The east and west cartways of Front Street are nine feet, seven inches wide. Diamond Street is a one-way street, east-bound, and has no car tracks. Diamond Street east-bound ends at Front Street; at the east side of Front Street, Coral Street, twenty-six feet wide, begins, running in a northeast direction. A traffic light is located at the center of the intersection.

Jean Thompson, daughter of plaintiff, accompanied her mother that afternoon. She testified that as she and her mother stood on the corner of Front and Diamond Streets the light was green for traffic going east and west; that there were a few people in front of them; that a southbound trolley car on Front Street had just drawn up to the northwest corner; that when she was at the curb on the northeast corner of Front and Diamond Streets she saw defendant's automobile coming

down Diamond Street toward Front Street about 50 feet west of the west curb line of Front Street. She and her mother crossed the street, a few people being a few steps ahead of them, and as she reached the first trolley rail she saw defendant's automobile had just reached the west curb line of Front Street; just as she left the second rail to get to the third rail, all of a sudden the automobile made a sharp turn onto Front Street, going north, and it came so close to her mother, her mother stepped back to avoid being hit. It was then about a foot or less than two feet from her mother. "The automobile was stopped when she fell, wasn't it? A. Yes." Plaintiff's daughter further testified that she did not hear any warning signal.

The testimony by and in behalf of the plaintiff clearly established—and it was admitted by her counsel at the trial of the case—that she did not see the automobile from the time she was at the east curb line of Front Street until she was between the second and third trolley rail, at which time it was within a foot or two of her. The trial judge gave binding instructions for the defendant on the ground that there was no evidence of negligence, and no sudden emergency was created by defendant's negligent conduct; plaintiff's sudden fright was due entirely to her own inattention to traffic conditions after she left the east pavement of Front Street.

Plaintiff alleged in her complaint that defendant was negligent in that he operated his automobile in violation of the laws of Pennsylvania and ordinances of the City of Philadelphia relating to speed, operation and control of an automobile. Not one word of testimony was offered by plaintiff or by any of her eye witnesses as to the speed of defendant's car or that it was operated, managed or controlled negligently or in such a manner that it could not be brought and was not

brought to a full stop as quickly as the circumstances warranted.

Plaintiff complained at one point that the defendant was negligent because he suddenly turned sharp left, and at another point because he turned diagonally left. In neither event was this act the proximate cause of plaintiff's injury. The only possible ground on which it might plausibly be argued that the defendant was negligent is deduced from the statement of plaintiff's daughter as to the distance away of the defendant's automobile as the daughter left the first or second trolley rail.

The principles of law governing accidents such as this are well settled, though apparently it is necessary to frequently repeat them. The mere happening of an accident is no evidence of negligence and is not sufficient to take a case to the jury. Furthermore, the mere fact that an automobile comes in contact with a pedestrian—it came within two feet of this plaintiff—raises no presumption of negligence against the chauffeur: *Flanigan v. McLean,* 267 Pa. 553, 556, 557, 110 A. 370; *Gilles v. Leas,* 282 Pa. 318, 321, 127 A. 774; *Stanalonis v. Branch Motor Exp. Co.,* 358 Pa. 426, 429, 57 A. 2d 866; *Stauffer v. Rwy. Exp. Agency,* 355 Pa. 24, 25, 29, 47 A. 2d 817; *Houston v. Republican Athletic Association,* 343 Pa. 218, 220, 22 A. 2d 715.

Plaintiff has the two-fold burden of proving that the defendant was negligent and that his negligence was the proximate cause of her accident: *Houston v. Republican Athletic Association,* 343 Pa. 218, 220, 22 A. 2d 715; *Reddington v. Philadelphia,* 253 Pa. 390, 392, 98 A. 601; *Erbe v. Philadelphia R. T. Co.,* 256 Pa. 567, 570, 100 A. 966; *Martin v. Marateck,* 345 Pa. 103, 106, 27 A. 2d 42; *Stauffer v. Rwy. Exp. Agency,* 355 Pa. 24, 25, 47 A. 2d 817.

The evidence must be considered in the light most favorable to plaintiff, because in a case involving bind-

ing instructions against her, she is entitled to the benefit of all facts favorable to her and all reasonable inferences therefrom: *Christ v. Hill Metal and Roofing Company*, 314 Pa. 375, 378, 171 A. 607; *Rebel v. Standard Sanitary Mfg. Co.*, 340 Pa. 313, 315, 16 A. 2d 534; *Litwinowitch v. Oriental Navigation Co.*, 311 Pa. 257, 259, 166 A. 911.

Plaintiff was not struck or touched by defendant's automobile but correctly points out that bodily contact is not necessary. Where the natural result of the negligence of the defendant is to place the person injured in a position of danger, a mistake of judgment by the person injured, in the emergency thus created, does not relieve the defendant of liability, provided the emergency thus created or the position of danger was created by the defendant's negligence: *Silfies v. American Stores Company*, 357 Pa. 176, 180, 53 A. 2d 610; *Polonofsky et al. v. Dobrosky*, 313 Pa. 73, 76, 169 A. 93; *Community Fire Co. v. Pennsylvania Power & Light Co.*, 92 Pa. Superior Ct. 304, 309.

Applying these principles to the instant case, we search in vain for defendant's negligence. There is no evidence by any witnesses as to the defendant's speed or that he did not have his car under such control as to be able to stop it on the shortest possible notice under circumstances which would reasonably be likely to arise. This was clearly his duty: *Fidelity-Phila. Trust Co. v. Staats*, 358 Pa. 344, 347, 57 A. 2d 830; *Galliano v. East Penn Electric Co.*, 303 Pa. 498, 503, 154 A. 805, 807; *Simon v. Moens*, 356 Pa. 361, 365, 51 A. 2d 737, 739; *Aaron v. Strausser*, 360 Pa. 82, 86, 59 A. 2d 910.

Plaintiff's daughter testified that the defendant's car was actually stopped when plaintiff saw it and, apparently frightened, stepped back, fell and was injured. While a pedestrian has, under the law, the right of way at a crossing (*Martino v. Adourian*, 360 Pa. 580,

583, 63 A. 2d 12; *Smith v. Wistar*, 327 Pa. 419, 422, 194 A. 486; *Goodall v. Hess*, 315 Pa. 289, 292, 172 A. 693), reason and logic must be combined with practical reality when interpreting what is meant by a right of way. When an automobile turns right or left at a street corner where a light is green for both automobile and pedestrian traffic, it would often be impracticable for an automobilist to wait at a busy crossing or at busy times of day in a large city until the pedestrian traffic had crossed the intersection. If that were required, traffic would likely be paralyzed for 15 minutes or a couple of hours a day at busy intersections. Anyone who has crossed Chestnut or Walnut Streets at Fifteenth Street or Broad Street in Philadelphia knows that an automobile as a practical matter has to creep and ease its way gradually and very slowly through pedestrian traffic, otherwise it could never move, with the result that frequently an automobile comes within a couple of inches or a foot of many of the pedestrians. This near contact does not per se establish either negligence on the part of the driver or contributory negligence on the part of the pedestrian. There was therefore no proof that defendant was negligent or that any negligence on his part was the proximate cause of plaintiff's accident.

Since we have decided that the defendant was not guilty of negligence, it is unnecessary to decide whether plaintiff was guilty of contributory negligence as a matter of law, or to discuss any other point raised by appellant or appellee, although all of them have received our consideration.

Judgment affirmed.