See also, D.C., 15 F.R.D. 1.

May **GALLAGHER**, Plaintiff,

v.

The **DELAWARE AND HUDSON RAILROAD CORPORATION**, Jewel Tea Company, Inc., and Morris White Fashions, Inc., Defendants.

**Civ. A. No. 4284.**

United States District Court
M. D. Pennsylvania.
April 12, 1955.

Stephen E. Gombar, Frank J. McDonnell, Scranton, Pa., for plaintiff.

Paul Bedford, S. Keene Mitchell, Jr., Michael H. Sheridan, Wilkes-Barre, Pa., for the Delaware & Hudson R. R. Corp.

J. Charles Hanahue, Scranton, Pa., for Jewel Tea Co., Inc.

James W. Scanlon, Scranton, Pa., for Morris White.

WATSON, Chief Judge.

The plaintiff, May Gallagher, instituted this action to recover damages sustained as the result of a fall, which, it is alleged, was caused by the negligence of the defendants. On August 22, 1950, plaintiff fell in front of the premises owned and occupied by the defendant, Morris White Fashions, Inc., and occupied as a tenant by the defendant, Jewel Tea Company, Inc., at a point in the right of way of the defendant. The Delaware and Hudson Railroad Corporation. Plaintiff contends that because of alleged accumulations of dust, gravel, and grease she was caused to fall. The action was tried before the Court without a jury.

On the basis of the legal evidence received at the trial, the Court makes findings of fact and conclusions of law:

### Findings of Fact

1. The plaintiff is May Gallagher, a citizen of Pennsylvania, who resides in Scranton, Pennsylvania.

2. The defendant, Morris White Fashions, Inc., is a New York corporation doing business in the Commonwealth of Pennsylvania with offices located in the City of Scranton, Pennsylvania, at Poplar Street and Penn Avenue, and is the owner of a plot of ground in said City of Scranton known as 315 Poplar Street.

3. The defendant, Jewel Tea Company, Inc., is a New York corporation doing business in the Commonwealth of Pennsylvania with offices located at 315 Poplar Street, Scranton, Pennsylvania.

4. The defendant, The Delaware and Hudson Railroad Corporation, is a New York corporation doing business in the Commonwealth of Pennsylvania as a common carrier by rail and more particularly operates a right of way which crosses Poplar Street in the City of Scranton, Pennsylvania, at the Three Hundred block of said Poplar Street and enters a plot of ground owned and occupied by the defendant, Morris White Fashions, Inc., and occupied as a tenant by the defendant, Jewel Tea Company, Inc.

5. At the time of the accident, the plaintiff was employed by the defendant, Morris White Fashions, Inc.

6. On the South side of Poplar Street is a track of the defendant, The Delaware and Hudson Railroad Corporation, and leading off from that track is a spur which crosses Poplar Street on a curve to the North and also crosses Oakford Court, and thence into the premises of the defendant, Morris White Fashions, Inc.

7. Oakford Court is a public thoroughfare on the East adjacent to the premises owned and occupied by the defendant, Morris White Fashions, Inc., and also occupied by the defendant, Jewel Tea Company, Inc., and Oakford Court extends at right angles to Poplar Street both in a Northerly and in a Southerly direction from Poplar Street.

8. On the morning of August 22, 1950, between 7:10 and 7:20 A.M. while on her way to work, plaintiff fell in the center of the spur track at a point where the railroad track crosses Oakford Court on the northerly side of Poplar Street.

9. At the point where plaintiff fell no portion of the tracks touched the premises of the defendant, Morris White Fashions, Inc. The spot where plaintiff fell was in the intersection of Oakford Court and Poplar Street, both of which are public thoroughfares.

10. At the point where plaintiff fell there was an accumulation of dirt, gravel, and grease.

11. There was no evidence to show how the grease came to be at the place where plaintiff fell.

12. There was likewise no evidence as to how long the grease had been at the spot where plaintiff fell.

13. As a result of the fall, plaintiff suffered personal injuries.

14. The accident and resultant injuries suffered by the plaintiff were not the result of any negligence on the part of any of the defendants.

### Discussion

The point where plaintiff fell on the grease was in the intersection of Oakford Court and Poplar Street, both of which are public thoroughfares.

██ Furthermore, there was no evidence to show how the grease came to be where plaintiff fell, except that plaintiff testified that a heavy rainstorm the night before washed the gravel down Oakford Court to the spot where she fell. How she happened to learn this is somewhat vague, since she later testified that she had never walked across the track at the point where she fell before the day of the accident. The grease was covered with dust or dirt so that the plaintiff did not notice any danger. There was no evidence how thick the grease spot was and in particular there was no evidence how long it had been at the place where plaintiff fell.

"The mere happening of an accident is no evidence of negligence * * *. Plaintiff has the two-fold burden of proving that the defendant was negligent and that his negligence was the proximate cause of her accident. * * * " Thompson v. Gorman, 366 Pa. 242, 77 A.2d 413, 416.

██ Negligence is the absence or want of care which a reasonable man would exercise under the circumstances. Negligence need not be proved by direct evidence, but may be inferred from attendant circumstances if the facts and circumstances are sufficient to impute negligence reasonably and legitimately. Miller v. Hickey, 368 Pa. 317, 81 A.2d 910.

██ Plaintiff had the burden of proving a defect or unsafe condition and that defendants had actual or constructive notice thereof. There was no evidence of actual notice. There was likewise no evidence, facts, or circumstances which were sufficient to enable this Court to impute negligence reasonably and legitimately, i. e. constructive notice of the unsafe condition.

The Superior Court of Pennsylvania in Bremer v. W. W. Smith, Inc., 126 Pa. Super. 408, 191 A. 395, 397, has ably stated with respect to constructive notice:

"What will amount to constructive notice of a defective or dangerous condition existing upon a defendant's premises, necessarily varies under the circumstances of each case. Some of the factors affecting the question, in addition to the time elapsing between the origin of the defect and the accident, are the size and physical condition of the premises, the nature of the business conducted thereon, the number of persons using the premises and the frequency of such use, the nature of the defect and its location on the premises, its probable cause and the opportunity which defendant, as a reasonably prudent person, had to remedy it. * * * "

This Court has found that the place where plaintiff fell was not on the premises owned and occupied by the defendant, Morris White Fashions, Inc., and occupied by the defendant, Jewel Tea Company, Inc. but was between the rails of the defendant, The Delaware and Hudson Railroad Corporation. However, while the spot was covered with dust and gravel, there is not any evidence from which it could be reasonably and legitimately inferred what time elapsed between the accumulation of the defect and the accident. It is clear therefore that it could not be determined from any or all of the circumstances and at best it would only be a guess as to how long

the grease was at the spot where plaintiff fell.

In Lanni v. Pennsylvania Railroad Co., 371 Pa. 106, 88 A.2d 887, decided by the Supreme Court of Pennsylvania in 1952, the facts were very similar to those in the instant case. The evidence as to the accumulation of dirt, gravel, and grease where plaintiff fell and the evidence as to what time elapsed between the accumulation of the defect and the accident was very similar to the evidence as to the same facts in the instant case and this Court has reached the same conclusion here as the Supreme Court of Pennsylvania did in Lanni v. Pennsylvania Railroad Co., supra, namely, that judgment should be entered for the defendant.

### Conclusions of Law

1. This Court has jurisdiction of the parties and of the subject matter of the action.

2. The accident and resultant injuries suffered by the plaintiff were not the result of any negligence on the part of any of the defendants.

3. Judgment should be entered in favor of all defendants and against the plaintiff.